# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

*and withdrawn*

*6-2225 and 0-629*
*and obsolete 0-119*
*0-784*
*0-1095*

Honorable Dave McNeill, Jr.
County Attorney
Shelby County
Center, Texas

Dear Mr. McNeill:

Opinion No. 0-7424

Re: Construction of Article 432
P. C. -- the Nepotism Statute.

Your letter requesting an opinion upon the above-titled subject is as follows:

"Can an officer of this County such as the district clerk or the county clerk appoint one as his assistant, such prospective appointee being related to the district clerk or county clerk in the following way: the appointee's deceased wife, and by whom he had a child now living, was the half-sister of the clerk's present wife's father? In other words, the prospective appointee's deceased wife was the aunt of the clerk's present wife, or the half aunt since she was a half-sister to the clerk's wife's father."

Article 432 of the Penal Code defining "Nepotism" is as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related with-

NO COMMUNICATION IS TO  CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Dave McNeill, Jr. - page 2

in the second degree by affinity or within the
third degree by consanguinity to the person so
appointing or so voting, or to any other member
of any such board, the Legislature, or court of
which such person so appointing or voting may be
a member, when the salary, fees, or compensation
of such appointee is to be paid for, directly or
indirectly, out of or from public funds or fees
of office of any kind or character whatsoever."

From your statement we take it to be that the proposed
employee is not related to the employing officer by blood in any
way whatsoever, and especially that he is not related to the em-
ploying officer within the third degree blood relation. It re-
mains only to be seen whether or not he is related to the employ-
ing officer by affinity within the second degree. Under the com-
mon law, which this State adopted as the rule of decision April
1, 1840, the blood relatives of the wife are related to the hus-
band by affinity. Those related to the wife by affinity only are
not at all related to the husband; but as above stated, the hus-
band's kin by affinity through his marriage includes only those
persons who are related by consanguinity - blood - to the wife.

Under the plain letter of the Code, to be ineligible
for appointment by the county officer, the employee in your case
must be related to the husband-employer within the second degree
of affinity. Under your statement he is not thus related, and
is therefore eligible to the appointment.

We find there is one degree by consanguinity or blood
between the wife of the officer and her father. There is also
a blood relation of one degree between her father and her aunt,
who is a half-sister of her father, thus reaching the two de-
grees blood relation necessary to exclude the employee, and the
two degrees do not include the husband.

Our opinion No. O-2225, of date July 3, 1940, is over-
ruled, and our opinions Nos. O-119, O-784 and O-1095 therein
overruled are restored in all respects wherein they are in ac-
cord with this opinion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

OS-MR

Ocie Speer
ASSISTANT